**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FARIDA RAHMAN,** | : | **CIVIL NO. 3:24-CV-1615** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **FOSTER TOWNSHIP,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I.    Factual Background

This case comes before us for consideration of a motion to dismiss (Doc. 22) which challenges the legal sufficiency of the plaintiff's *pro se* amended complaint. (Doc. 14). That amended complaint is a largely incomprehensible pleading which demands a great deal of the reader. The pleading begins with a *non sequitur*, the plaintiff's averment that: "Defendant always used state officials to help him win cases." (Doc. 14, ¶¶1, 2). What then follows are a series of grudges and complaints regarding sewer service which entail events which allegedly took place between 2011 and 2021. (Id., ¶¶ 3-6). Rahman then seems to allude to dissatisfaction in the outcome of some state court litigation. (Id., ¶¶7-13). Following this recital, the amended complaint ends without any clear or identifiable prayer for relief. (Id.)

Presented with this amended complaint, the defendant, Foster Township, has moved to dismiss the complaint, arguing that Rahman's pleading failed as a matter of law. (Doc. 22). This motion is fully briefed[1] and is, therefore, ripe for resolution. Accordingly, for the reasons that follow, the motion to dismiss will be granted.

## II.    Discussion

### A.    Motion to Dismiss – Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in

---

[1] There has been a somewhat haphazard aspect to the briefing of this motion, which is now closed. The defendant filed a brief in support of the motion on May 30, 2025. (Doc. 24). We then ordered a response by Rahman.(Doc. 25). In response, Rahman initially stated that she had not received the defendant's pleadings. (Dc. 26). Accordingly, we instructed the defendant to file proof of service upon the plaintiff, which it did on June 12, 2025. (Doc. 28). We then allowed Rahman until June 23, 2025 to file a further substantive response. (Doc. 29). This deadline has now elapsed without further action on Rahman's part.

> Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards
> have seemingly shifted from simple notice pleading to a more
> heightened form of pleading, requiring a plaintiff to plead more than
> the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon

which relief can be granted when ruling on a motion to dismiss. In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u>, at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>, at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u>, at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u>, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In

other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied,

132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis:

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting

Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is against these legal benchmarks that we assess the legal sufficiency of Rahman's amended complaint.

**B.**     __This Amended Complaint Will Be Dismissed.__

In the instant case, we find that Rahman's amended complaint is flawed in a number of ways which cannot be cured through any more artful form of pleading. At the outset, dismissal of this complaint is warranted because the complaint plainly fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he  Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen,  236 F.App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008);  Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra;  Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir.2005).

Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];"

Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F.App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in " 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted)." Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir. 2011); Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir. 2012). Further, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

Rule 8 also calls for the dismissal of complaints which contain no intelligible prayer of relief. In this regard, it is well-settled that:

> [I]n order to satisfy the strictures of Rule 8, a complaint must also
> contain a coherent prayer for relief, demanding relief from a defendant
> that lies within the power of the defendant to provide. See Klein v. Pike
> Cnty. Comm'rs, CIV.A. 11–278, 2011 WL 6097734 (M.D. Pa. Dec. 6,
> 2011) (failure to articulate a prayer for relief compels dismissal); Snyder
> v. Snyder, 4:12–CV–105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012)
> report and recommendation adopted, 4:12–CV–105, 2012 WL 511993
> (M.D. Pa. Feb. 15, 2012) (same).

Molison v. Menges, No. 1:23-CV-1923, 2024 WL 5671081, at *4 (M.D. Pa. Feb. 9,

2024), report and recommendation adopted, No. 1:23-CV-01923, 2024 WL 5673230

(M.D. Pa. Mar. 14, 2024).

These principles are applicable here and compel the dismissal of this

complaint. Rahman's amended complaint contains no coherent factual narrative, fails

to state the legal basis for any claims, and is devoid of any intelligible prayer for

relief. The complete failure of the complaint to contain any well-pleaded facts, legal

claims, or coherent requests for relief leaves "defendants having to guess what of the

many things discussed constituted [a cause of action]." Binsack v. Lackawanna

County Prison, 438 F. App'x 158 (3d Cir. 2011). Therefore Rule 8 compels dismissal

of the amended complaint.

In addition, the amended complaint is replete with allegations relating to

matters spanning from 2011 to 2021, between four and fourteen years ago. Rahman

may not pursue these matters as federal civil rights claims under 42 U.S.C. §1983,

because these claims are all time-barred. It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations. For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000); Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001).

In this case, Rahman alleges that these sewer disputes began in 2011 and it is

apparent that these matters had sufficient gravity to alert Rahman to her obligation to timely file a complaint. Thus, the statute of limitations would have begun to run by 2011, and the two-year limitations period would have elapsed by 2013, more than a decade before Rahman filed this lawsuit. On these uncontested facts, any of Rahman's §1983 claims predating 2022 are time-barred.

Rahman has also sued a single municipal defendant, Foster Township, but the amended complaint is devoid of well-pleaded allegations stating a municipal liability civil rights claim. In this regard, case law has defined for us a unique species of institutional civil rights liability, a form of liability which is judged by exacting and precise legal benchmarks. Specifically:

> In Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("Monell"), the Supreme Court held that a municipality may be held liable under 42 U.S.C. § 1983 for a constitutional injury that directly resulted from a municipality's policy, custom, or practice. Id. at 695, 98 S.Ct. 2018. Accordingly, a Monell claim seeks to impose municipal liability for a constitutional injury that was causally connected to a municipal policy, custom, or practice. See id.; see also Carreno v. City of Newark, 834 F.Supp.2d 217, 231 (D.N.J.2011).
>
> "Under Monell, a municipality cannot be subjected to liability solely because injuries were inflicted by its agents or employees." Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir.2007). Instead, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. (quoting

Monell, 436 U.S. at 694, 98 S.Ct. 2018). It is essential to a Monell claim that there be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation" in order to establish municipal liability. City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Guided by these threshold principles, the Third Circuit Court of Appeals has explained that there are "three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983:"

> The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir.2003) (internal quotation marks and citations omitted). Subsequently, the appeals court provided further guidance regarding the ways in which a government policy or custom may be established:

> We have also observed that a government policy or custom can be established in two ways. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir.1990). The plaintiffs may establish a government policy by showing that a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action"

issued an official statement of policy. <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). The plaintiffs may establish that a course of conduct constitutes a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well settled" that they operate as law. <u>Monell</u>, 436 U.S. at 690, 98 S.Ct. 2018. In either instance, the plaintiffs have the burden of showing that a government policymaker is responsible by action or acquiescence for the policy or custom. <u>Andrews</u>, 895 F.2d at 1480. We have also held that, at a minimum, the government must act with deliberate indifference to the purported constitutional deprivation in order to ground liability. <u>San Filippo v. Bongiovanni</u>, 30 F.3d 424, 445 (3d Cir.1994).

<u>Jiminez</u>, 503 F.3d at 250.

<u>Hunter v. Prisbe</u>, 984 F. Supp. 2d 345, 353–55 (M.D. Pa. 2013).

These are plainly exacting standards of pleading, and they have not been met by the plaintiff. Judged by these guideposts, Rahman has failed to allege well-pleaded facts describing the type of municipal custom and practice that is essential to a civil rights municipal liability claim. Therefore, this claim also fails and should be dismissed.

Finally, while the meaning of this pleading is often obscure Rahman's amended complaint appears to invite us to review, re-examine, and reverse various state court orders entered in other litigation. This we cannot do. To the extent that the plaintiffs urge us, in effect, to sit as a state appellate court and vacate prior state court

rulings, their complaint encounters an insurmountable threshold legal obstacle, the

Rooker–Feldman doctrine, which compels federal district courts to decline

invitations to conduct what amounts to appellate review of state trial court decisions.

As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave
> rise to the doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct.
> 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v.
> Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The
> doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal
> judgments or decrees rendered by the highest court of a state in which a
> decision could be had, may be reviewed by the Supreme Court....". See
> also Desi's Pizza, Inc. v. City of Wilkes Barre, 321 F.3d 411, 419 (3d
> Cir.2003). "Since Congress has never conferred a similar power of
> review on the United States District Courts, the Supreme Court has
> inferred that Congress did not intend to empower District Courts to
> review state court decisions." Desi's Pizza, 321 F.3d at 419.

Gary v. Braddock Cemetery, 517 F.3d 195, 200 (3d Cir. 2008).

Because federal district courts are not empowered by law to sit as reviewing

courts, reexamining state court decisions, "[t]he Rooker–Feldman doctrine deprives

a federal district court of jurisdiction in some circumstances to review a state court

adjudication." Turner v. Crawford Square Apartments III, LLP, 449 F.3d 542, 547

(3d Cir. 2006). Cases construing this limit on the power of federal courts have quite

appropriately:

> [E]mphasized the narrow scope of the Rooker–Feldman doctrine,
> holding that it "is confined to cases of the kind from which the doctrine

14

acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." [Exxon Mobil Corp. v. Saudi Basic Industries Corp.], 544 U.S. at 284, 125 S.Ct. at 1521–22; see also Lance v. Dennis, 546 U.S. 459, ——, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006).

Id.

However, even within these narrowly drawn confines, it has been consistently recognized that the Rooker–Feldman doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Turner, 449 F.3d at 547. See, e.g., Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149 (3d Cir. 2008) (Rooker–Feldman doctrine precludes re-litigation of state mortgage foreclosure in federal court); Ayres–Fountain v. Eastern Savings Bank, 153 F. App'x 91 (3d Cir. 2005) (same).

To the extent that Rahman's amended complaint can be understood, it seems to directly challenge various prior state court rulings, but we cannot sit as some sort of *ad hoc* appellate court re-examining these state court determinations. Accordingly, this claim also fails.

## III.  <u>**Conclusion.**</u>

For the foregoing reasons, the Defendant's motion to dismiss will be GRANTED. (Doc. 22).

An appropriate order follows.

<u>*S/ Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge

DATED: June 24, 2025